**MERANZE AND KATZ, P.C.**
By:   David A. Gaudioso, Esquire
Attorney ID:  65719
121 S. Broad Street, 13th Floor
Philadelphia, PA 19107
(215) 546-4183
**COUNSEL FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14; HEAT & FROST INSULATORS & ASBESTOS WORKERS LOCAL 89; and MICHAEL BURNS, Fund Administrator on behalf of ASBESTOS WORKERS PHILADELPHIA FUNDS<br><br>      Plaintiffs,<br><br>  v.<br><br>A. GALLO CONTRACTORS, INC.<br><br>      Defendant | Civil Action No.:  07-2870 |

**Plaintiffs' Response To Defendant's Motion To Dismiss Complaint
Pursuant To Fed. R. Civ. Pro. 12 (b)**

  Plaintiffs, International Association of Heat and Front Insulators and Asbestos Workers Local No. 14, Heat & Frost Insulators & Asbestos Workers Local 89, and Michael Burns, Funds Administrator on behalf of Asbestos Workers Philadelphia Funds, by and through their undersigned counsel, hereby responds to the Motion to Dismiss Complaint Pursuant to Fed. R. Civ. Pro. 12 (b) filed by Defendant, A. Gallo Contractors, Inc. ("Gallo") and says as follows:

**I.      FACTS**

Plaintiffs filed the instant action against Gallo on July 12, 2007 alleging that Gallo was a disguised continuance of Tempco Insulation Corporation, a defunct Pennsylvania Corporation that was the subject of litigation involving the Plaintiffs in Civil Action No. 03-2513-TO. In that case, Plaintiffs sued Tempco and its principal, Gary Love ("Love") to recover unpaid employee benefit fund contributions, union dues, and related deductions on behalf of members of Locals 14 & 89. As the Court may recall, the litigation against Tempco was filed pursuant to Section 301 (c) of the LMRA, Section 29 U.S.C. § 185 (c), Section 502 (a) (3) of ERISA, 29 U.S.C. § 1132 (a) (3), and 28 U.S.C. §§ 1331 and 1337. Liability against Love was asserted based upon breach of contract, breach of fiduciary duties, and common law conversion relating to the failure to remit union dues and related deductions which were taken from employee paychecks but not delivered to the Unions. By order dated April 26, 2006, the Court entered judgment against Tempco in the amount of $210,220.05 for the ERISA related liability, and against Love in the total amount of $15,296.08 for the conversion of the Union funds.

The instant action was filed against Gallo relating solely to the underlying judgment of Tempco.

**II.     ARGUMENT**

**A.     The Standard of Review**

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F. 2d 188, 194 (3d Cir., 1993) (citation omitted)  In reviewing the motion to dismiss, the Court will at all times "accept as true the factual allegations in the complaint and all

reasonable inferences that can be drawn therefrom." *Holder, supra* at 194 quoting *Markowitz v. Northeast Land Co.,* 906 F. 2d 100, 103 (3d Cir., 1990).

### B.     This Court Has Jurisdiction Over This Matter

In arguing that Plaintiffs' erroneously rely on Section 502 (a) (3) of ERISA, 29 U.S.C. §1132 (a) (3), and 28 U.S.C. §1331 (erroneously asserted in the complaint as §1131) and 1137, Defendant cites to the United States Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996).[1] As both the Complaint and numerous court decisions regarding the issue of subject matter jurisdiction in cases such as that presently before the Court make clear, *Peacock* is neither factually nor procedurally analogous to the instant matter. In *Peacock*, the Plaintiff brought an ERISA action against his employer as well as an individual officer and shareholder of the company [Peacock] for benefits due under the company's pension plan. *Peacock* at 351. The District Court held that Peacock was not a fiduciary and judgment was entered against the corporation only. *Id*. The plaintiff was unable to collect on his judgment against the company, however, as Peacock had siphoned off corporate assets to prevent satisfaction of the judgment. *Id.* at 352. Plaintiff thereafter filed a second suit to pierce the corporate veil under ERISA. The District Court awarded judgment in the Plaintiff's favor and the Fourth Circuit affirmed. *Id.*

The Supreme Court reversed after finding a lack of subject matter jurisdiction under either ERISA or the Court's ancillary jurisdiction. The Supreme Court reasoned that "[p]iercing the corporate veil is not itself an independent ERISA cause of action." *Id*. at 354. As the plaintiff had alleged only a claim for piercing the corporate veil, but not an underlying ERISA

---

[1]    The Court's jurisdiction in this matter was also asserted pursuant 28 U.S.C. § 1367 (a), which provides the District Court with supplemental jurisdiction over all claims that form part of the same case or controversy over which the Court had original jurisdiction. See *Complaint* ¶ 7. Defendant's argument is silent as to the applicability of jurisdiction pursuant to this statute, or pursuant to Section 301 (c) of the LMRA, 29 U.S.C. §185 (c), cited at ¶ 6, which was also asserted.

3

cause of action, the Court found no federal question. *Id.* Further, the Court concluded that because there was no "independent basis for federal jurisdiction" over the suit, the district court "lack[ed] the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal question jurisdiction." *Id.* at 355.

This is not the situation presently before the Court. First, Defendant erroneously styles the Plaintiffs' cause of action as one where Plaintiffs' have sought to pierce the corporate veil. Plaintiffs' Complaint, however, clearly premises the alter ego contention on Gallo's "disguised continuance" of Tempco (see *Complaint* Π 11). Plaintiffs assert no cause of action instantly on any individual such that piercing the corporate veil is necessary. "The 'classical' piercing of the corporate veil is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principal and their personal assets liable for the debts of the corporation…. If applicable, the doctrine permits a charge [of] derivative…liability' against the person or entity controlling the corporation." *Trustees of Nat. Elevator Indus. Pension, Health, Ben. And Educ. Funds v. Lutyk*, 332 f. 3d 188, 192 (3d Cir., 2003). (citations omitted).

Defendant has obviously styled Plaintiffs' Complaint as one seeking to pierce the corporate veil to have it fit the factual parameters of *Peacock*. Note that in *Peacock*, the plaintiff was seeking personal liability upon an individual shareholder and officer of his employer. See *Brown v. Astro Holdings, Inc.*, 385 F. Supp. 2d 519, 525 (E.D. Pa., 2005) (In analyzing *Peacock* the Court stated that "[t]he piercing claims in *Peacock* had sought to impose liability based solely on the defendant's 'capacity as an officer and shareholder of the liable corporation.'" (citation omitted)). At the very least, Defendant refers to alter ego liability and veil piercing interchangeably, a problem addressed by the Seventh Circuit in *Board of Trustees, Sheet Metal Workers' Nat. Pen. Fund v. Elite Erectors, Inc.*, 212 F. 3d 1031 (7th Cir., 2000). In *Elite*, the

4

plaintiff Fund sued the company to recover unpaid benefit fund contributions.  Elite defaulted, but before judgment was imposed, the plaintiff amended their complaint naming a new company and an individual as Elite's alter ego.  *Elite* at 1033.  The new defendants contended that the district court lacked subject matter jurisdiction based upon the Supreme Court's reasoning in *Peacock, supra*.  In differentiating *Peacock*, the Seventh Court stated that "[e]fforts to pierce the corporate veil ask a court to hold *A* vicariously liable for *B*'s debt…. But a contention that *A* is *B*'s 'alter ego' asserts that *A* and *B* are *the same entity*; liability then is not vicarious but direct." *Elite* at 1038 (emphasis in original).  The Court thereafter determined that the district court did indeed have jurisdiction over the suit.  *Id.*

This reasoning should prevail instantly where the Funds maintain that Gallo is simply the "disguised continuance" of Tempco, that Gallo ("A") and Tempco ("B") are alter egos - - in effect, the same entity.

Clearly, then, this case is neither factually nor procedurally analogous to *Peacock*.  Rather, it is consistent with Judge Stewart Dalzell's decision in *Composition Roofers Union Local No. 30 Welfare Trust Fund v. Jackel Services Corp.*, 1998 WL 32608 (E.D. Pa., 1998) wherein a trust fund for two unions brought claims against defendants under an alter ego theory.  Plaintiffs originally sued a separate company for breach of contract due to the failure of the company to remit benefit fund contributions.  *Jackel* at 2.  During the pendency of the suit, the company ceased operations.  A summary judgment was subsequently entered against the company.  Plaintiffs thereafter sought to enforce the collective bargaining obligations against other companies owned by the family of the judgment debtor.  *Id.*  The Court stated at the outset of its decision that "[w]e have general federal question jurisdiction under 28 U.S.C. § 1331, together with specific grants of jurisdiction under 29 U.S.C. §§ 185(a), 1132, and 1145.

Plaintiffs also invoked the supplemental jurisdiction statute, 28 U.S.C. § 1367, for their state law claims." *Id.* at 1. This is essentially the same jurisdiction asserted instantly in a fact pattern clearly more akin to that presently before this Court than that found in *Peacock*. Accordingly, the same result - - a finding of jurisdiction - - should ensue.

**C.    Plaintiffs' Action Is Not Barred By The Statute Of Limitations**

Assuming only for the sake of the instant motion's arguments that defendant is correct that this matter is subject to a four year statute of limitations, Plaintiffs' suit has still been filed in a timely manner. Defendant asserts that at the latest, Plaintiffs' suit should have been on April 28, 2003 when Plaintiffs' original suit was filed. Defendant, however, ignores Pennsylvania's discovery rule, which states that the statute of limitations begins to run "as soon as the plaintiff has discovered or, in exercising reasonable diligence, should have discovered, the injury in question and its cause….if, through an affirmative act of fraud or concealment, a defendant causes a plaintiff to relax his vigilance or to deviate from his right to injury, then the statute will be tolled until the plaintiff knows, or through reasonable diligence should know, of the claim…." *In Re Pennsylvania Footwear Corp.*, 199 B.R. 534, 542-43 (Bkrtcy E.D. Pa., 1996). [2]

As evidenced by the Affidavit of James Cunningham, President and Organizer of Local 14, Plaintiffs only learned of the existence of Gallo sometime during the month of August, 2004 after receiving a phone call from a member of the Union who had worked for Tempco informing

---

[2]    In the portion of Defendant's Memorandum alleging that Plaintiffs' complaint fails to state a cause of action upon which relief may be granted, Gallo makes the naked assertion that "surely, Plaintiffs were aware of Tempco's disguised continuance' to avoid Tempco's obligations to the Plaintiffs during the Prior Action." Def.'s Memo. of Law at 7. Assumedly, Defendant makes this contention because the Complaint asserts at Paragraph 13 that Gallo went into business in 2003. This fact, however, was not known to Plaintiffs in 2003. It was only learned when the undersigned obtained a Dun & Bradstreet report on Gallo on September 27, 2004 which provided this information. See Exh. B.

him that Gary Love, Tempco's former vice president was working for a company performing insulation work at Pennsbury High School. See attached Affidavit, Exh. A, ¶5. Cunningham's continued investigation revealed the existence of Gallo to the Plaintiffs, which otherwise would have had no reason to know of the company or its existence to Tempco. Further, and as this Court is well aware, Tempco and Love steadfastly refused to respond to discovery requests (despite discovery orders and contempt proceedings), wherein, Gallo's connection to Tempco would have been explored and more fully exposed. On May 11, 2005, Plaintiffs served interrogatories upon Tempco and Love seeking *inter alia*, information on Love's present employer, the services provided by the current employer, its officers and owners. See Exh. C.[3] Love did not answer this discovery request until December 12, 2006 immediately prior to a scheduled contempt hearing before this Court on Love's continuing failure to provide discovery responses.

Accordingly, the earliest Plaintiffs' could have been expected to know of Gallo's existence was August, 2004 for statute tolling purposes, giving them until August of 2008 to file suit under Defendant's asserted limitation period. Arguably, given Love's repeated failure to cooperate with discovery requests that would have clarified the connection between Tempco and Gallo until December 12, 2006, the tolling period for this action may even be much later.

**D.     Plaintiffs' Complaint Does Not Fail To State A Claim Upon Which Relief May Be Granted**

Defendant contends that Plaintiffs' Complaint fails to state a claim upon which relief may be granted because the Complaint averments do not plead any of the factors it asserts are

---

[3]   Love also failed to attend a deposition or supply documents pursuant to a subpoena issued by the undersigned in the case *Asbestos Workers Local 42, et al. v. Tempco Insul. Corp.* (Case No. 03-233, District of Delaware) wherein information concerning Gallo would have been sought. The deposition was scheduled for April 7, 2005 and information from this deposition could have been used by the present Plaintiffs.

7

necessary in an alter ego action. Def's Memo. Of Law at 7. Once again, however, Defendant confuses an alter ego action with an action where one seeks to pierce the corporate veil, and uses the terms interchangeably. The factors cited by Defendant on page 6 of its Memorandum come from the *Lutyk* case, *supra*, a case readily distinguishable from the instant matter as the Plaintiffs in *Lutyk* were seeking personal liability on a corporate officer. Hence, the necessity to pierce the corporate veil was a core contention in that case, and the *Lutyk* factors cited by Gallo herein reflect criteria not germane to this dispute.

The factors which are germane to an alter ego claim are spelled out in *Jackel*, *supra*, the case much more on point to these proceedings than any of the cases cited by the defendant. In *Jackel*, Judge Dalzell stated that "[t]he key factors to be weighed in an alter ego analysis are whether the enterprises share 'substantially identical' (i) management, (ii) business purpose, (iii) operation, (iv) equipment, (v) customers, (vi) supervision, and (vii) ownership…. In addition, our Court of Appeals has noted that the intent of the defendants to evade their responsibilities is also an important, but not an essential, factor.'" *Jackel*, at 3. Clearly, these factors are facially pled in the Plaintiffs' Complaint. Accordingly, Defendant's contentions in this regard are misapplied and meritless, and as such, do not support the dismissal of this action.

### III.   CONCLUSION

For the reason's set forth above, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

Date: August 31, 2007

s/ David A. Gaudioso
DAVID A. GAUDIOSO, ESQUIRE

Counsel for Plaintiffs