IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL ASSOCIATION OF : CIVIL ACTION
HEAT AND FROST INSULATORS AND :
ASBESTOS WORKERS LOCAL NO. 14, :
et al. :
:
v. :
:
A. GALLO CONTRACTORS, INC. : NO. 07-2870

O'NEILL, J.                                                              APRIL 7, 2008

## MEMORANDUM

On July 12, 2007 plaintiffs International Association of Heat and Frost Insulators and Asbestos Workers Local No. 14, Heat and Frost Insulators & Asbestos Workers Local 89, and Michael Burns filed a complaint against defendant A. Gallo Contractors, Inc. alleging that defendant is an alter ego of Tempco Insulation Corporation.

Before me now are defendant's August 22, 2007 motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), along with plaintiffs' response. For the reasons stated below I will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff International Association of Heat and Frost Insulators and Asbestos Workers Local No. 14 ("Local 14") is located in Philadelphia and is a labor organization within the meaning of § 2(5) of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(5), and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §

185(a). Plaintiff Heat and Frost Insulators & Asbestos Workers Local 89 ("Local 89") is located in New Jersey and is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and § 301(a) of the LMRA, 29 U.S.C. § 185(a). Plaintiff Michael Burns is the Administrator for the Asbestos Workers Philadelphia Funds, an employee welfare plan within the meaning of Section 2(1) and (3) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(1) and (3), and § 2(37) of ERISA, 29 U.S.C. § 102(37), located in Philadelphia. Defendant A. Gallo Contractors, Inc. is located in New Jersey and is an employer within the meaning of § 2(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

On April 26, 2006 this Court entered an Order awarding judgment in favor of the plaintiffs in the amount of $210,220.05 against Tempco Insulation Corporation for the recovery of unpaid benefit fund contributions, union dues, related deductions, interest, liquidated damages, attorney's fees and costs owed to plaintiffs. Plaintiffs contend that defendant is an alter ego of Tempco and therefore should be liable for that judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiffs' complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to

2

dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiffs will prevail, only whether they are entitled to offer evidence to support their claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

Defendant also moves to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. See Mortensen v. First Fed. Sav. & Loan, 549 F.2d 884, 891 (3d Cir. 1977). When a motion to dismiss is filed before an answer to the complaint, it is necessarily a facial challenge. See id. (holding that a facial attack challenges only the court's subject matter jurisdiction while a factual challenge allows the court to question plaintiff's facts after defendant files an answer). The Court of Appeals directs that when considering a facial challenge to a complaint under Rule 12(b)(1) I am required to consider the allegations of the complaint as true and make all reasonable inferences in plaintiffs' favor. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000), citing Mortensen, 549 F.2d at 891.

3

DISCUSSION

Defendant makes three arguments in support of his motion to dismiss: 1) lack of subject matter jurisdiction; 2) expiration of the statute of limitations; and 3) failure to state a claim upon which relief can be granted. I will first address the issue of jurisdiction.

I. Subject Matter Jurisdiction

Defendant views this case merely as an action to enforce a judgment made against a third party and contends that this Court lacks subject matter jurisdiction under the Supreme Court's decision in Peacock v. Thomas, 516 U.S. 349 (1996). Plaintiffs argue that this Court has federal question jurisdiction over its claim under 28 U.S.C. §§ 1137 and 1331 and that Peacock is not applicable in cases where an alter ego theory of liability is asserted.

In Peacock, the Supreme Court considered a case where a pension fund manager brought suit against an individual corporate officer after failing to collect an ERISA judgment against the corporation. Peacock, 516 U.S. at 352. The fund manager initially sued both the corporation and the individual corporate officer, but the District Court entered a judgment against the corporation only, ruling that the individual officer was not a fiduciary and therefore not a proper defendant under ERISA. See Thomas v. Tru-Tech, Inc., No. 87-2243-3, 1988 WL 212511, at *12 (D.S.C. 1988), aff'd, 900 F.2d 256 (4th Cir. 1990). After failing to collect the judgment from the corporation, the fund manager filed another suit against the individual corporate officer, asserting a claim for "Piercing the Corporate Veil Under ERISA and Applicable Federal Law." Peacock, 516 U.S. at 352.

The Supreme Court held that the second lawsuit was an attempt "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment" and the claim did not state a cause of action under ERISA. Id. at 357. "[I]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." Id. at 355. Because there was no independent claim under ERISA the Court held that there was no federal question jurisdiction. Id. at 360.

The issue of whether Peacock precludes federal subject matter jurisdiction on claims made under a theory of alter ego has not yet been addressed by the Court of Appeals. A number of circuits have addressed the jurisdictional viability of judgment enforcement based on alter ego claims without any suggestion that they should be treated differently than the veil piercing claim in Peacock. See Futura Dev. of Puerto Rico, Inc., v. Estado Libre Asociado de P.R., 144 F.3d 7, 10 (1st Cir. 1998) (citing Peacock for the proposition that where a plaintiff plans to use the federal court to examine the identity and finances of the defendant, the court is asked to delve into a new and separate matter and an independent basis of jurisdiction must exist); Epperson v. Entertainment Express, Inc., 242 F.3d 100, 106 (2d Cir. 2001) (claims of alter ego liability and veil piercing raise an independent controversy with a new party in an effort to shift liability); C.F. Trust, Inc., v. First Flight Ltd.. P'ship, 306 F.3d 126,133 (4th Cir. 2002) (independent basis for jurisdiction of district court existed under diversity of citizenship, not alter ego claim).

Courts finding an alter ego claim to be an independent claim under ERISA and therefore not precluded from federal jurisdiction under Peacock hinged their reasoning on

the direct liability of the alter ego to the underlying ERISA violation. See <u>Central States, SE & SW Areas Pension Fund v. Central Transport Inc.</u>, 85 F.3d 1282, 1287 (7th Cir. 1996) (an independent ERISA claim was established when pension fund sought to enforce an unsatisfied judgment against corporate entities that allegedly controlled the judgment debtors under a theory of alter ego)[1]; <u>Brown v. Astro Holdings, Inc.</u>, 385 F. Supp. 2d 519, 525 (E.D. Pa. 2005) (an alter ego claim is an assertion of direct liability under ERISA and therefore supports federal subject matter jurisdiction); <u>Hudson County Carpenters Local Union No. 6 v. V.S.R. Constr. Corp.</u>, 127 F. Supp. 2d 565, 570 (D.N.J. 2000) (a claim of direct liability under a theory of alter ego was sufficiently distinct from a veil piercing claim to confer subject matter jurisdiction).

The Court of Appeals for the Tenth Circuit determined that an independent basis for federal subject matter jurisdiction was necessary in an alter ego claim unless the second entity played a direct role in the underlying ERISA violation. <u>Ellis v. All Steel Const., Inc.</u>, 389 F.3d 1031, 1035 (10th Cir. 2004). In <u>Ellis</u> an employee benefits plan obtained a judgment against Interstate Builders, Inc. under ERISA. <u>Id.</u> at 1032. After collection efforts failed, an action to enforce the judgment against All Steel Construction, Inc. as the alter ego successor of Interstate was filed. <u>Id.</u> The district court found All Steel Construction to be an alter ego of Interstate Builders and thus liable for the unpaid judgment. <u>Id.</u> The Tenth Circuit determined that an alter ego theory could only provide

---

[1] The Seventh Circuit later expanded <u>Central States</u> in <u>Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.</u>, 212 F.3d 1031 (7th Cir. 2000) and bluntly proclaimed all alter ego claims to involve direct liability and limited <u>Peacock</u> to veil piercing. 212 F.3d at 1037-38. The holding in <u>Elite Erectors</u> seemed to conflict with <u>Peacock</u> itself, in which the Supreme Court indicated that its holding, though specifically addressing a veil-piercing claim, was broad enough to address the conflicting practices of several circuits that had involved alter ego claims. See <u>Peacock</u>, 516 U.S. at 352 n.2 (citing as examples of circuit conflict the Court was resolving, <u>Sandlin v. Corporate Interiors, Inc.</u>, 972 F.2d 1212 (10th Cir. 1992) which had rejected jurisdiction over an alter ego claim, and <u>Blackburn Truck Lines, Inc. v. Francis</u>, 723 F.2d 730, 731-32 (9th Cir. 1984), which had affirmed jurisdiction over an alter ego claim).

6

an independent claim under ERISA (the requirement from Peacock) if it were shown that the second entity played a direct role in the original ERISA violation. Id. at 1034-35. Where successor liability is asserted, a separate basis for federal jurisdiction must be established. Id. at 1035. The Tenth Circuit vacated the district court's judgment and remanded the case with instructions to dismiss the action. Id. at 1037.

I find the reasoning of the Tenth Circuit to be persuasive. Like the plaintiffs in Ellis, plaintiffs in this case allege that Gallo is a successor company to Tempco and based on a theory of alter ego should be liable for the original judgment. It is not enough for plaintiffs to claim that an outside entity is an alter ego in order to establish direct liability: plaintiffs must show that the entity played a direct role in the underlying ERISA violation. There is no allegation that Gallo existed as an alter ego of Tempco at the time of the initial ERISA violation. Not existing at that time, Gallo could not have had a direct role in the underlying violation and this Court does not have subject matter jurisdiction.

II. Statute of Limitations and Failure to State a Claim

Finding that I do not have jurisdiction in this matter, I make no ruling on the remaining issues raised in defendant's motion to dismiss.

Based on the foregoing analysis, defendant's motion to dismiss is granted. I note that nothing in this decision would preclude a claim of alter ego in the state court.[2]

An appropriate Order follows.

---

[2] Although not the route chosen by the plaintiffs in this case, I also note that other ERISA plaintiffs may avoid the jurisdictional problem identified in Peacock by joining the alter ego claim against the second entity in the original ERISA suit against the defaulting employer.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 14, et al. | : : : : : | CIVIL ACTION |
| v. | : : | |
| A. GALLO CONTRACTORS, INC. | : | NO. 07-2870 |

FILED
APR 8 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

O'NEILL, J.                              APRIL 8, 2008

## ORDER

AND NOW, this __ day of April, 2008 upon consideration of defendant's motion to dismiss and plaintiffs' response thereto, it is hereby ORDERED that defendant's motion to dismiss is GRANTED.

_____
THOMAS N. O'NEILL, JR., J.