IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF       | : | CIVIL ACTION |
| HEAT AND FROST INSULATORS AND      | : | NO. 07-2870 |
| ASBESTOS WORKERS LOCAL NO. 14, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| A. GALLO CONTRACTORS, INC. | : | |

O'NEILL, J.                                                                                         MAY 7, 2008

MEMORANDUM

Before me now is plaintiffs' motion for reconsideration of my April 8, 2008 Order and accompanying memorandum dismissing plaintiff's complaint for lack of subject matter jurisdiction. Local Rule of Civil Procedure 7.1(g) allows a party to make a motion for reconsideration. "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "[A] district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." New Chemic (U.S.), Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Pa. Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Plaintiffs presently contend that reconsideration is warranted here to correct a clear error of law or to prevent manifest injustice. Specifically plaintiffs argue that my reliance upon the

1

decision of the Tenth Circuit Court of Appeals in Ellis v. All Steel Construction, Inc., 389 F.3d 1031 (10th Cir. 2004), was misplaced.

      As plaintiffs note, in Ellis the Court asserted:

> There are no allegations that [the successor and alleged alter ego] All Steel ever exercised any control over [the original judgment debtor] Interstate's business, much less that All Steel so dominated Interstate's operations during the time the ERISA obligation here arose that All Steel was directly liable for this ERISA obligation.

389 F.3d at 1036.  The Court characterized Ellis as "a garden-variety judgment-enforcement action based on a retroactive alter-ego claim," id. at 1032, even where the successor recruited former employees of the original company, used the same equipment and facilities as the original company, and had business operations traceable to the original company, id.  Plaintiffs contend that the facts alleged in the present case go beyond the facts alleged in Ellis because the vice president and project manager of the original judgment debtor Tempco, Gary Love, is now the project manager for the successor and alleged alter ego Gallo, is married to Gallo's president, and operates Gallo from his home.  Plaintiffs also note that Love was found personally liable for Tempco's union dues.

      I fail to see how plaintiffs' alleged facts distinguish the present case from Ellis.  As was the case in Ellis, plaintiffs here do not allege any facts that Gallo ever exercised any control over Tempco's business, much less that Gallo so dominated Tempco's operations during the time the ERISA obligation here arose that Gallo may be directly liable for the ERISA obligation at issue. Nor could plaintiffs allege such facts: Gallo did not exist when the ERISA violation at issue occurred.  Therefore, I find that this case is a garden-variety judgment enforcement case, i.e., ERISA liability is being asserted derivatively against a second entity – the successor Gallo – that

did not directly participate in the ERISA violation.

In Peacock v. Thomas, the United States Supreme Court found no federal question jurisdiction over an attempt "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment."[1] Peacock, 516 U.S. 349, 357 (1996). The Supreme Court granted certiorari to resolve a conflict among the Courts of Appeals on the issue of whether a District Court properly may exercise ancillary jurisdiction over a claim attempting to impose liability for an extant ERISA judgment against a third party. Id. at 352-53. Though Peacock specifically concerned a piercing the corporate veil claim, the Court in describing the split in the Circuit Courts did not distinguish between claims for piercing the corporate veil and alter ego. See id. at 352 n.2 (citing cases). The Third, Fourth, Seventh and Ninth Circuit Courts of Appeals had previously determined that piercing the corporate veil and/or alter ego claims were independent claims under ERISA and thus could independently support federal jurisdiction, whereas the Fifth and Tenth Circuit Courts of Appeals had previously determined that piercing the corporate veil and/or alter ego claims were not themselves independent ERISA causes of action but rather a means of imposing liability on an underlying cause of action and thus could not independently support federal jurisdiction. Id. at 352-54 (citing cases).

Noting that it was "not aware of . . . any provision of ERISA that provides for imposing liability for an extant ERISA judgment against a third party," id. at 353, the Supreme Court in Peacock found that plaintiff's piercing the corporate veil claim was not an independent cause of action under ERISA, id. at 354. Because "claims alleged to be factually interdependent with and,

---

[1] Though Gary Love, an officer of Gallo, was found to be personally liable for judgment against Tempco, the present action is not brought against Love but against Gallo.

hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit," id. at 355, and plaintiff alleged no underlying violation of any provision of ERISA or an ERISA plan sufficient to provide an independent basis for federal jurisdiction, the Court held that neither ERISA's jurisdictional provision nor the ancillary jurisdiction provision supplied the District Court with subject matter jurisdiction over plaintiff's claim, id. at 353-54.

In Ellis, the Tenth Circuit succinctly summarized the jurisdictional principles set forth in its opinion in Sandlin v. Corporate Interiors Inc., 972 F.2d 1212 (10th Cir. 1992), and confirmed by the Supreme Court in Peacock:

> No separate federal jurisdictional basis is needed when ERISA liability is asserted directly against a second entity based upon that second entity's direct role in the ERISA violation. This principle applies regardless of whether ERISA liability is asserted upon the basis of an alter-ego or veil-piercing theory. On the other hand, if ERISA liability is asserted derivatively against a second entity that did not directly participate in the ERISA violation – as for example, where successor liability is asserted – then a separate basis for federal jurisdiction must be established.

Ellis, 389 F.3d at 1035. As stated above plaintiffs clearly cannot establish that Gallo played a direct role in the ERISA violation, as Gallo did not exist at the time of the violation. Because there is no allegation that Gallo played direct role in the ERISA violation, ERISA liability must be asserted derivatively against Gallo, and accordingly plaintiffs proceed here under a theory of successor liability, i.e., alter ego. Like the piercing the corporate veil theory presented in Peacock, plaintiffs' alter ego claim here does not create an independent cause of action under ERISA, and plaintiffs must provide a separate basis for federal jurisdiction. Plaintiffs fail to do

so. Therefore I find that I have no jurisdiction over the present action.[2]

Plaintiffs contend that the successor need not exist at the time of the original ERISA violation for the Court to assert subject matter jurisdiction where plaintiffs assert liability under an alter ego theory, because alter ego claims allege that the successor is directly responsible for the underlying ERISA violation itself. See Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc, 212 F.3d 1031, 1038 (7th Cir. 2000) ("[A] contention that A is B's 'alter ego' asserts that A and B are the same entity.") (emphasis omitted). Plaintiffs further argue that the Court of Appeals contemplated the circumstances of the present case in NLRB v. Omnifest Inspection Services, Inc. and determined that where the original debtor pretends to cease operations, the successor company that is the disguised continuance of the original debtor "is subject to all the legal and contractual obligations of the predecessor." 937 F.2d 112, 114, 122 (3d Cir. 1991) ("Once an employer is found to be the alter ego of another, it is responsible for the other employer's violations of the [National Labor Relations] Act, as well as its obligations under the collective bargaining agreement.").[3]

In Elite Erectors the Seventh Circuit "bluntly presumed all alter-ego claims involve direct liability and categorically limited Peacock to veil-piercing claims." Ellis, 389 F.3d at 1035, citing Elite Erectors, 212 F.3d at 1038. Yet in Ellis the Tenth Circuit found that the Seventh

---

[2]This conclusion is consistent with those cases that have found a basis for federal jurisdiction under Peacock where the successor was directly liable for the underlying ERISA violation. See Central States, Se. & Sw. Areas Pension Fund v. Central Transport, Inc., 85 F.3d 1282, 1287 (7th Cir. 1996); Brown v. Astro Holdings, Inc., 385 F. Supp. 2d 519, 525 (E.D. Pa. 2005); Hudson County Carpenters Local Union No. 6 v. V.S.R. Constr. Corp., 127 F. Supp. 2d 565, 570 (D.N.J. 2000).

[3]Plaintiffs failed to cite or discuss Omnifest in their response to defendant's motion to dismiss.

Circuit's decision in Elite Erectors "glossed over [the] functional distinction between direct liability based on common control and generic vicarious liability." Id.  Noting that Elite Erectors "is also inconsistent with the application of Peacock in a number of other circuits, which have addressed the jurisdictional viability of judgment-enforcement efforts based on alter-ego claims without any suggestion that they should be treated differently than veil-piercing claims," the Tenth Circuit reasoned in Ellis that "if all alter-ego claims involve direct liability, even when they assert only that a successor must answer for the predecessor's past violations, then the distinctive feature of direct liability . . . – that it turns on the alter ego's direct participation in the underlying violation – has been lost." Id.

I agree with the Tenth Circuit's analysis of Elite Erectors and thus find that plaintiffs' mere assertion of an alter ego claim does not establish that Gallo is directly liable for the ERISA violation of Tempco.  Again, plaintiffs do not and cannot allege any facts from which Gallo's direct participation in the underlying violation may be inferred.  Therefore any attempt to argue that Gallo is directly responsible for the underlying ERISA violation itself is meritless.  Gallo may be liable for the underlying ERISA violation only under a theory of successor liability, and as stated above because plaintiffs fail to provide a separate basis for federal jurisdiction I have no jurisdiction over such an action to enforce a previous judgment.

Finally, Omnifest does not apply here because Omnifest did not present the same jurisdictional issue as Peacock and the present case.  In Omnifest the case came before the Court of Appeals on application of the National Labor Relations Board for enforcement of its order pursuant to the National Labor Relations Act, 29 U.S.C.A. § 160(e), which provides in relevant part: "The Board shall have power to petition any court of appeals of the United States or if all

the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order . . . ." 937 F.2d at 114. Thus in <u>Omnifest</u> the NLRA provided a federal jurisdictional basis for the enforcement action against the successor company. <u>Peacock</u> and the present case do not involve the NLRA but ERISA, and while the NLRA contains a basis for federal jurisdiction over an enforcement action, ERISA does not. As the Supreme Court has recognized, "ERISA does not provide an enforcement mechanism for collecting judgments," and state law provides the appropriate means for enforcing federal judgments under ERISA. <u>Mackey v. Lanier Collection Agency & Serv., Inc.</u>, 486 U.S. 825, 833-34 (1988) ("Federal Rule of Civil Procedure 69(a), which would apply when either type of civil suit discussed above is brought against an ERISA plan in federal court, defers to state law to provide methods for collecting judgments. Consequently, state-law methods for collecting money judgments must, as a general matter, remain undisturbed by ERISA; otherwise, there would be no way to enforce such a judgment won against an ERISA plan.").

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF | : | CIVIL ACTION |
| HEAT AND FROST INSULATORS AND | : | NO. 07-2870 |
| ASBESTOS WORKERS LOCAL NO. 14, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| A. GALLO CONTRACTORS, INC. | : | |

ORDER

AND NOW, this 7th day of May 2008, upon consideration of plaintiffs' motion for reconsideration, it is ORDERED that plaintiffs' motion is DENIED.

                                                  s/Thomas N. O'Neill, Jr.
                                                  THOMAS N. O'NEILL, JR., J.